**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMIL COOPER,** | : | **CIVIL NO. 1:CV-12-1186** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| **Defendants** | | |

**MEMORANDUM**

**I.      Background**

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Jamil Cooper

("Cooper"), an inmate currently confined at the State Correctional Institution at Rockview,

("SCI-Rockview"), Pennsylvania.  In his complaint, Cooper alleges that employees of the

Pennsylvania Department of Corrections, including officials and employees at SCI-Rockview,

denied him due process and access to the courts and retaliated against him in violation of his

constitutional rights.  He also alleges that Defendants verbally abused and defamed him. On

January 22, 2013, Cooper was granted leave to proceed without prepayment of the filing fee in

this matter and service of the complaint was directed on the defendants.  On March 8, 2013, prior

to any response to the complaint being filed, Cooper submitted an amended complaint (Doc. No.

21).  On March 11, 2013, Defendant filed a motion to strike the amended complaint due to

Cooper's failure to seek leave of court.  On March 13, 2013, Defendants also filed a motion to

stay the time for filing a response to the original complaint pending disposition of their pending

motion to strike the amended complaint.  (Doc. No. 23.)  Cooper has filed opposition to

Defendants' motions.

**II.      Discussion**

Federal Rule of Civil Procedure 15 addresses the issue of Amended and Supplemental Pleadings. Fed. R. Civ. P. 15(a), in relevant part, discusses amendments before trial and provides as follows:

**(a)     Amendments Before Trial.**

**(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) Other Amendments.** In all other cases, a party my amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Service of the complaint in this action was directed on January 22, 2013. Plaintiff submitted an amended complaint on March 8, 2013, more than twenty-one (21) days following service. Defendants maintain that the amended complaint should be stricken because Cooper failed to seek and obtain leave of court before filing an amended complaint in this action. They also state that no responsive pleading has yet been filed.

Pursuant to Rule 15(a)(1)(B) a party is permitted to file an amended complaint within 21 days after service of a responsive pleading or a Rule 12(b), (e) or (f) motion. While it is true that Defendants have not yet filed a responsive pleading, it is also true that pursuant to 42 U.S.C. § 1997e(g)(1), a defendant in a prisoner's section 1983 action is allowed to waive a "reply" to the complaint.[1]

_____

[1]  42 U.S.C. § 1997e(g)(1) provides as follows:

It is difficult to discern whether Defendants are indirectly relying on § 1997e(g)(1) in seeking to strike Cooper's attempt to submit an amended complaint without first requesting leave of court because they are not required to file a responsive pleading, or whether they are merely stating that Cooper must wait until after a responsive pleading is filed and thereafter submit an amended complaint within 21 days thereof. Regardless, Cooper is a pro se litigant and, in the interests of justice, the Court will construe his submission of the amended complaint as a request for leave to do so as requested in his brief in opposition to Defendants' motion to strike.

Leave to amend pleadings is generally at the discretion of the trial court, Foman v. Davis, 371 U.S. 178, 182 (1962), and shall be given when justice so demands. Fed. R. Civ. P. 15(a). Typically, "even when [a] plaintiff does not seek leave to amend his complaint ... unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). A court, however, may decide to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

---

(G) Waiver of reply

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

etc." <u>Foman</u>, 371 U.S. at 182 (1962).

In the instant case, the Court finds no reason not to grant Cooper leave to file his amended complaint. In comparing the original complaint and the amended complaint submitted, they are virtually identical with one exception. In the amended complaint Cooper adds a fourth cause of action alleging conspiracy on the part of the Defendants. Otherwise, they are the same document. Both complaints name the same parties and set forth the same exact allegations. As such, the Court finds no prejudice resulting to Defendants in allowing Plaintiff to submit the proposed amended complaint. For these reasons, the motion to strike the amended complaint will be denied and Defendants will be directed to respond thereto within twenty (20) days. In addition, Defendants' motion to stay this action pending resolution of the motion to strike will be denied as moot. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMIL COOPER,                        :         CIVIL NO. 1:CV-12-1186
        **Plaintiff,**                    :
                                         :          **(Chief Judge Kane)**
        **v.**                           :
                                         :
PENNSYLVANIA DEPARTMENT OF           :
CORRECTIONS, et al.,                 :
        **Defendants**

## <u>ORDER</u>

    **AND NOW**, this 25ᵗʰ day of April, 2013, for the reasons set forth in the accompanying

Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Defendants' motion to strike the amended complaint (Doc. No. 21) is **denied**. Plaintiff's amended complaint is construed to be a motion seeking leave to submit the amended complaint and is granted. The amended complaint (Doc. No. 20) is accepted as the standing complaint in this action.

2.    Within twenty (20) days from the date of this order, Defendants shall respond to the allegations set forth in the amended complaint (Doc. No. 20.)

3.    Defendants' motion to stay (Doc. No. 23) is **denied as moot.**


                        S/ Yvette Kane
                        YVETTE KANE, Chief Judge
                        Middle District of Pennsylvania