IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER, | : | CIVIL NO. 1:CV-12-1186 |
|     Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
|     Defendants | | |

**MEMORANDUM**

Plaintiff Jamil Cooper ("Cooper"), an inmate confined at the State Correctional Institution at Rockview ("SCI-Rockview"), Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on an amended complaint alleging the denial of access to the courts and due process, retaliation, conspiracy and verbal harassment. (Doc. No. 20.) Named as Defendants are John Wetzel, Secretary of the Pennsylvania Department of Corrections, and SCI-Rockview employees Superintendent Lamas, Unit Manager Granlund, Sergeant Strohm and Correctional Officer Sherman. Presently pending is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 29.) For the reasons that follow, the motion will be granted in part and denied in part.

I.     **Allegations in the Complaint**

Cooper alleges that on September 6, 2011, he was verbally harassed when Defendant Sherman made a "sarcastic remark" to him because he was assisting a blind inmate in drafting an administrative grievance. (Doc. No. 20, Am. Compl. ¶ 23.) Shortly thereafter, he states he was denied a pass for the library by Defendants Sherman and Strohm because he had helped write a grievance. (Id. ¶ 26.) Sherman then verbally abused Cooper several times, including calling him "Johnny Cochran." (Id. ¶¶ 30, 33, 34.)

On September 7, 2011, Cooper claims he received a misconduct from Defendant Sherman issued on September 6, 2011. He claims that Strohm was also listed as involved in issuing the misconduct. He believes the misconduct was issued in retaliation for his efforts to assist the blind inmate with drafting a grievance. (Id. ¶¶ 35, 36.) He further claims that he was denied due process during the misconduct proceedings. (Id. ¶ 36.) He was found guilty of being in an unauthorized area, and sanctioned to fourteen (14) days cell restriction which he claims reduced his hours in the law library from four (4) hours per day to four (4) hours per week. As a result, he claims he was forced to request continuances in an action that is currently pending before the Pennsylvania Superior Court. (Id. ¶¶ 40, 62.)

In addition, Cooper claims that an appeal he filed from the misconduct was denied by both Defendant Granlund and Lamas. He claims that in finding his appeal frivolous, Granlund conspired with Defendants Sherman and Strohm to "cover up" their actions, and that Defendant Lamas merely agreed with Granlund's decision. (Id. ¶¶ 43, 45.) Cooper further contends that in front of other inmates Deputy Warden Marsh defamed him when he said that Cooper came across as a "liar" in his grievance.[1] (Id. ¶¶ 45-46.) Based on the foregoing, Cooper seeks declaratory, compensatory and punitive relief.

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

---

[1] Because Marsh is not named as a defendant in this matter, any claims set forth against him will not be addressed.

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim" Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2000)(quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted). Further, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

**III. Discussion**

    **A. Verbal Harassment**

Coopers's allegations of sarcastic remarks made by Defendants fail to state a claim upon

which relief may be granted. The use of words, however violent, generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993)("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); Jones v. Superintendent, 370 F. Supp. 488, 491 (W.D. Va. 1974). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.)("[v]erbal abuse is not a civil rights violation . . ."), aff'd mem., 800 F.2d 1130 (3d Cir. 1986).

Further, it has also been held that a constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause. See Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991). Verbal harassment or threats, without some reinforcing act accompanying them escalating the threat beyond mere words, fails to state a constitutional claim. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992)(a correctional officer placed a revolver to an inmate's head and threatened to shoot). In the instant case, Plaintiff alleges nothing more than being called names and threatened to be locked in his cell. As such, he alleges nothing more than verbal harassment which is insufficient for the purposes of § 1983.

**B.     Access to the Courts**

In the amended complaint, Cooper sets forth two access to the courts claims. He first claims that he was denied a pass to go to the law library on September 6, 2011 by Defendants Sherman and Strohm. He also alleges that because of the 14 day cell restriction sanction he received with respect to the misconduct he was issued by Defendants Sherman and Strohm, his library time was decreased during that time period from 4 hours a day to 4 hours a week.

It is well established that an inmate has a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 349-56 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Abdul-Akbar v. Watson, 4 F.3d 195, 202-03, 205 (3d Cir. 1993). However, the Supreme Court in Lewis emphasized that a plaintiff alleging the denial of access to the courts must show "actual injury." Lewis, 518 U.S. at 349-57. "To establish a cognizable access to courts claim, a complainant must demonstrate that : (1) he suffered an 'actual injury' (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy, save the present civil rights suit that can possibly compensate for the lost claim." Williams v. Clancy, 449 F. App'x 87, 89 (3d Cir. 2011)(citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

Cooper fails to plead any facts which indicate he has suffered some adverse decision in any non-frivolous case he was litigating at the time his library access was restricted. While he references a case he has pending in the Pennsylvania Superior Court, he acknowledges that the case is still active and that his litigation of the case was only affected to the extent that he was required to obtain extensions of time to submit briefs. For these reasons, it is clear no actual injury was suffered, and the access to the courts claims will be dismissed.

**C.     Retaliation**

Cooper claims he was issued a false misconduct because he was assisting a fellow inmate with the drafting of a grievance. To state a claim for retaliation, an inmate must show that (1) he engaged in some type of constitutionally protected conduct, (2) he was the subject of an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) there was a causal relationship between the two. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).

In moving to dismiss this claim, Defendants argue that even assuming Cooper could satisfy the first two elements of a prima facie retaliation claim, he fails to establish the third required element, causation. The third Rauser prong requires a plaintiff to establish a causal link between the exercise of his constitutional rights and the adverse action taken against him. The court employs a burden-shifting regime to determine whether a causal link exists. The prisoner bears the initial burden of proving that his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him or retaliate against him. See id. (citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 87, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). The burden then shifts to the defendants to prove by a preponderance of the evidence that they would have taken the same disciplinary action even in the absence of the protected activity. See id. If defendants prove that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest, they will prevail in the retaliation action. See id. at 334.

Defendants ask the Court to dismiss the retaliation claim because the finding of guilt against Cooper on the charged misconduct is sufficient to show that the issuance of the

misconduct was reasonably related to a legitimate penological interest, and that Cooper would have been charged regardless of any protected activity he was engaged in. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994)(concluding that, because the finding of guilt in the inmate's disciplinary hearing was based on "some evidence," that finding "essentially checkmates his retaliation claim"). However, the Third Circuit has held that the better course of action is to allow such claims to proceed and not apply the burden-shifting aspect of the retaliation standard at the motion to dismiss stage. See Bond v. Horne, ___ F. App'x ___, 2014 WL 278526, at *3 (3d Cir. Jan. 27, 2014). For these reasons, the Court will deny Defendants' motion to dismiss with respect to Cooper's retaliation claim.

To the extent Cooper casts his false misconduct claim as a due process violation, the Court will also allow this claim to proceed at this juncture. In analyzing any procedural due process claim, "the first step is to determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000)(citing Fuentes v. Shevin, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972)). Once we determine that a property or liberty interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it. Id. (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)).

In the case of prison inmates, the following principles apply:

> [i]n Sandin v. Conner, the Supreme Court announced a new standard for determining whether prison conditions deprive a prisoner of a liberty interest that is protect by procedural due process guarantees. Although the Court acknowledged that liberty interests could arise from means other than the Due Process Clause itself, the Court concluded that state-created liberty interests could arise only when a prison's action imposed an '*atypical and significant hardship*

> *on the inmate in relation to the ordinary incidents of prison life.*' ... In finding that the prisoner's thirty-day confinement in disciplinary custody did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest, the Court considered the following two factors: 1) the amount of time the prisoner was placed into disciplinary segregation; and 2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive than those imposed upon other inmates in solitary confinement.

Shoats, 213 F.3d at 143-44 (citations omitted, emphasis added).

Applying these legal benchmarks, it has been held that disciplinary proceedings which result in sanctions of disciplinary segregation for six months or more do not impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life, and therefore do not give rise to due process claims. Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002)(7 months disciplinary confinement). In the instant action, Cooper was only sanctioned to 14 days restriction in his cell. However, it has also been recognized that "prison disciplinary proceedings may ... constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right." See, e.g., Smith, 293 F.3d at 653. For these reasons, Cooper's due process claim will also be permitted to proceed.

### D. Conspiracy

Any claim by Cooper that Defendants conspired to violate his constitutional rights is subject to dismissal for the following reasons. In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint

8

details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 432 n. 8 (3d Cir. 1990); see also, Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young, 926 at 1405 n. 16.

Cooper simply fails to set forth any allegations in the complaint to support a plan or agreement of the Defendants to conspire or engage in a plot to violate his civil rights. The Court therefore rejects his factual contentions as unsupported conclusions of law. See Young v. Kann, 926 F. 2d 1396, 1405 n. 16 (3d Cir. 1991)(finding that conspiracy claims which are based upon pro se plaintiff's subjective suspicions and unsupported speculation properly dismissed). Even if given a chance to amend his complaint, no layering of factual detail upon his claims would cure the clearly baseless allegations upon which they are founded.

**E.     Interference with Use of Grievance System**

Inmates do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-38, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no interest on a prisoner."). Even if a prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action. Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995). Any attempt by plaintiff to establish liability against any defendant based upon their handling of his administrative grievances or appeals therefrom does not support a constitutional claim. See Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D.D.C. 1995)(because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). For these reasons, Defendants' motion to dismiss Cooper's claims that he was restricted or discouraged from filing grievances and that Defendants Granlund and Lamas improperly denied his grievance appeals will be granted on the basis of failure to state a claim.

**IV.   Conclusion**

For the foregoing reasons, Defendants' motion to dismiss the amended complaint will be granted in part and denied in part. Defendants will be directed to file an answer with respect to the remaining retaliation and due process claims. An appropriate order follows.