IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER, | : | |
|     Plaintiff | : | No. 01:12-cv-01186 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, et al. | : | |
|     Defendants | : | |

## MEMORANDUM

### I.  INTRODUCTION

Plaintiff Jamil Cooper, an inmate at the State Correctional Institution at Rockview ("SCI-Rockview") filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. No. 20.)  In his amended complaint, Plaintiff names the Pennsylvania Department of Corrections ("DOC"), John Wetzel, Secretary of the DOC, Marirosa Lamas, Superintendant of SCI-Rockview, Unit Manager Kurt Granlund, "Sergeant Strohm," and "Corrections Officer Sherman" as defendants.  (Id.) Plaintiff alleges that he was verbally harassed by prison officers and that retaliatory grievances were filed against him.  (Id.)

Pending before the Court are Plaintiff's request for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and motion to amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. Nos. 45, 48.)

### II.  DISCUSSION

    **A.  Plaintiff's Motion for Preliminary Injunctive Relief**

On May 9, 2014, Plaintiff filed a motion for a preliminary injunction.  (Doc. No. 44.)  In his motion, Plaintiff requests an injunction requiring all employees to cease opening his mail

1

outside of his presence. (Doc. No. 45 at 1.) In support of his motion, Plaintiff argues that a memorandum issued by the Court was sent as special mail to the Plaintiff, but was mixed in with his normal mail and consequently was opened by corrections officers. (Id. at 3.) The last two pages of the memorandum were allegedly lost or destroyed by prison officials in violation of 37 Pa. Code § 93.2[1]

In determining whether to grant a motion seeking preliminary injunctive relief, the Court must evaluate four factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. United States v. Bell, No. 01-2159, 2003 WL 102610, at *2 (M.D. Pa. January 10, 2003) (J. Conner) (internal citations omitted). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of satisfying these factors. Bell, 2003 WL 102610, at *2. The Court will address these factors in turn.

    **1.    Likelihood of Success on the Merits**

In order to prevail on a Section 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the

---

[1] 37 Pa. Code § 93.2 relates to restrictions applicable to an inmate's incoming and outgoing correspondence. Relevantly, Section C states that incoming mail "will be opened and examined for contraband in the facility's mailroom or designated area" unless subject to certain exceptions.

United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D. Pa. 2001).

The Court has already granted in part Defendants' motion to dismiss plaintiff's amended complaint and thus, only Plaintiff's claims concerning retaliation and due process remain. (Doc. Nos. 29, 30.) The Court finds that Plaintiff has not shown a likelihood of success on either claim. Defendants have demonstrated that the finding of guilt in the disciplinary hearing was based on "some evidence" and, therefore, Plaintiff would have been charged with misconduct regardless of any constitutionally protected activity. (Doc. No. 41 at 6-8.) Moreover, Plaintiff has failed to allege any specific facts to show that the grievance hearings were directly related to his exercise of a protected activity rather than a legitimate penological interest. Therefore, it is unlikely at this juncture that Plaintiff will prevail on his retaliation claim. Further, disciplinary sanctions of less than six months have only been recognized to "constitute a denial of due process in the context of a civil rights action under Section 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right." Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002). Because Plaintiff was sanctioned to cell restriction for only 14 days and there has been no showing that such restriction was retaliatory in nature, it is unlikely that Plaintiff will prevail on the merits of his underlying claims.

    **2. Irreparable Harm**

Even if Plaintiff had demonstrated a likelihood of success on the merits, perhaps the most important prerequisite for issuance of a preliminary injunction is a demonstration that the applicant would suffer irreparable harm if the injunction is not granted. See Continental Group, Inc. V. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential

harm which cannot be redressed by a legal or equitable remedy following a trial." <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 801 (3d Cir. 1989). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Id.</u> at 801 (quoting <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1964)).

The Court finds that Plaintiff fails to demonstrate that he will suffer immediate irreparable harm if the relief sought is not granted. Plaintiff alleges that Defendants violated portions of the Pennsylvania Code by opening a letter addressed from the Court outside of his presence and subsequently losing portions thereof. (<u>See</u> Doc. No. 20.) Plaintiff further alleges that the mail was "privileged" as a communication from the Court and, therefore, was required to be opened only in his presence. (<u>Id.</u>) However, the document was a memorandum opinion of the court, publicly available through the PACER system. Further, the portion of the Pennsylvania Code cited by Plaintiff to require opening of the correspondence only in his presence specifically states that "[u]nder no circumstances will documents filed in a court of public record be delivered sealed to an inmate." <u>See</u> 37 Pa. Code § 93.2. The Court also observes that Plaintiff filed a request for a copy of the memorandum and order with the Court and subsequently received courtesy copies of both. (Doc. Nos. 51, 52.) Therefore, Plaintiff has suffered no more than a minor inconvenience which has already been rectified by the Court. Because Plaintiff has alleged little more than a minor administrative error, he has not demonstrated that he will suffer any irreparable harm if an injunction is not grated.

### 3. Balance of Harms and Public Interest

Because Plaintiff is unable to establish either a likelihood of success on the merits, or

irreparable harm, it is unnecessary to evaluate the remaining factors. See In Re Arthur Treacher's, 689 F.2d at 1143.

### B. Plaintiff's Motion to Amend Judgment

Also before the Court is Plaintiff's motion to amend judgment. (Doc. No. 48.) Plaintiff requests that the Court reconsider its prior Memorandum and Order (Doc. No. 42) which granted Defendants' motion to dismiss in part. The primary issues presented by this motion are whether the Court addressed Plaintiff's claims for defamation and whether there is a disputed fact related to the alleged conspiracy by Defendants. (See Doc. No. 49.)

A motion to alter or amend judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to motion for reconsideration within twenty-eight (28) days of the entry of judgment. Fed. R. Civ. P. 59(e). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citations and internal quotation marks omitted).[2]

In support of his motion to amend, Plaintiff argues that a claim for defamation was

---

[2] Motions for reconsideration and motions to amend judgment are both construed to be governed by similar standards under Rule 59 of the Federal Rules of Civil Procedure. In re Taylor, 343 F. App'x 753, 756 (3d Cir. 2009).

"listed and fully set forth in the Amended Complaint against said Defendants," but was not addressed by the Court in its order granting in part Defendants' motion to dismiss for failure to state a claim. (Doc. No. 49 at 7.) Rather than asserting any new evidence or alleging a clear error of law, Plaintiff merely attempts to assert that the court misconstrued his original pleading. The Court has previously held that mere disagreement with a decision does not merit reconsideration. Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). While Plaintiff contends that "[t]he Defamatory Pubication [sic] in Controversy...are [set] forth in the Amended Complaint at pg. 10," the Court finds no allegations which could be construed as a claim for defamation.

Further, Plaintiff argues that the Court's earlier order should be amended to allow his claim of conspiracy to go forward, contending that the fact that Defendants conspired to conceal their alleged defamatory acts is now in dispute. (Doc. No. 49 at 7-9.) As stated above, Plaintiff does not establish any recognized ground for reconsideration. Instead, Plaintiff merely recharacterizes and seeks to renew previous arguments. Restatements of available facts or arguments are not "new evidence" within the meaning of the grounds for reconsideration. Tabansi v. Prison Health Servs., Inc., No. 12-0585, 2014 WL 2811938, at *1 (M.D. Pa. June 20, 2014). Therefore, the Court finds that Plaintiff has demonstrated no grounds for this court to reconsider its decision to dismiss his claims. Accordingly, Plaintiff's motion to amend the judgment will be denied.

## III.   CONCLUSION

For the above reasons, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits and has failed to demonstrate irreparable harm were the injunction not

granted. Accordingly, Plaintiff's motion for a preliminary injunction will be denied. Further, the Court finds that Plaintiff has not demonstrated any grounds for reconsideration of its earlier order and, therefore, will deny his motion to amend the judgment. An order consistent with this memorandum follows.