## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMIL COOPER,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:12-CV-01186** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, <u>et al.</u>,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

### I.    <u>Background</u>

Jamil Cooper ("Plaintiff"), an inmate confined at the State Correctional Institution at

Rockview, Pennsylvania ("SCI-Rockview"), commenced this civil rights action by filing a

complaint pursuant to 42 U.S.C. § 1983 against the Pennsylvania Department of Corrections and

several officials at SCI-Rockview.  (Doc. No. 1.)  On March 8, 2013, Plaintiff amended his

complaint.  (Doc. No. 20.)  By memorandum and order dated April 21, 2014, this court granted,

in part, Defendants' motion to dismiss the amended complaint for failure to state a claim.  (Doc.

Nos. 41, 42.)  The remaining claims in the amended complaint are claims of retaliation and

violation of Plaintiff's procedural due process rights stemming from a false misconduct report

filed against Plaintiff for assisting a fellow inmate, Kristan Diaz Cruz, with drafting a prison

grievance.  (Doc. No. 41 at 6–8; Doc. No. 42.)

Defendants have since filed an answer to the amended complaint and moved for

summary judgment on the remaining claims.  (Doc. Nos. 43, 55.)  Presently before the court is

Plaintiff's Motion to Postpone Summary Judgment.  (Doc. No. 64.)  For the reasons set forth

below, the motion will be granted to the extent that Plaintiff's brief in opposition and

accompanying materials, filed after the motion to postpone summary judgment, will be considered timely filed.

## II.   <u>Discussion</u>

After a party has filed a motion for summary judgment, the nonmoving party may move for a postponement of summary judgment by filing an affidavit stating that, "for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  In response to the motion, the district court may: 1) "defer consideration" of the motion for summary judgment, 2) "allow time to obtain affidavits or declarations or to take discovery," or 3) "issue any other appropriate order."  <u>Id.</u>  In the affidavit accompanying a Rule 56(d) motion, the movant must "identify with specificity 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'"  <u>Lunderstadt v. Colafella</u>, 885 F.2d 66, 71 (3d Cir. 1989) (quoting <u>Dowling v. City of Philadelphia</u>, 855 F.3d 136, 140 (3d Cir. 1988)); <u>see also</u> <u>McKenna v. Healthease, Inc.</u>, 573 F. App'x 190, 193 (3d Cir. 2014).  The decision of whether to grant a Rule 56(d) motion rests in the sound discretion of the district court.  <u>Lunderstadt</u>, 885 F.2d at 71–72.

In his affidavit, Plaintiff states that he has had difficulty obtaining discovery because: 1) he was temporarily transferred to New Jersey for a court appearance and was not able to bring his legal materials along; and 2) Defendants have resisted answering his valid interrogatories.[1] (Doc. No. 65 at 3; Doc. No. 66 at 1.)  Plaintiff states that a postponement would allow him time

---

[1] This court notes that Plaintiff has not specified what information was sought in those interrogatories, nor has Plaintiff moved to compel responses to those interrogatories.  (<u>See</u> Doc. No. 65 at 3; Doc. No. 67.)  This court thus does not interpret Plaintiff's motion as also seeking to compel discovery.

to obtain the following specific items of evidence:

> 1) a copy of the minutes of meetings that were held between block representatives and prison administrators, to show that assisting his fellow inmate in preparing a grievance was part of his duty as block representative;

> 2) a copy of the library notice he presented to Defendant Strohm, to illustrate that he should not have been sanctioned for the misconduct report;

> 3) an affidavit of ex-inmate Raymond Phillips, who could attest that he was also the victim of retaliation for assisting Cruz;

> 4) an affidavit of Anthony Allen, who was also the victim of retaliation for assisting Cruz;

> 5) information regarding the limits placed on Plaintiff as part of his cell restrictions after the misconduct hearing, to illustrate how the restrictions constituted a serious harm; and

> 6) other unspecified information showing that the misconduct hearing violated state and federal procedural requirements.

(Doc. No. 66.)  Since filing the motion and affidavit, Plaintiff has filed a brief in opposition to the motion for summary judgment with accompanying exhibits and affidavits.  (Doc. Nos. 68, 69, 70, 71.)  Included in these accompanying exhibits are an affidavit by Cruz detailing the events surrounding the issuance of the misconduct report (Doc. No. 70 at 1–3); information regarding Plaintiff's misconduct hearing and subsequent appeals (Doc. No. 71 at 2–15); a copy of a library notice stating a book was overdue (Doc. No. 71 at 21); and an affidavit by Plaintiff listing his responsibilities as a block representative and describing his experience with the misconduct hearing and subsequent appeals and grievances filed.  (Doc. No. 70 at 7–12.)

3

Assuming that Plaintiff's stated reasons for not obtaining this information sooner are sufficient for a Rule 56(d) motion, it nonetheless appears that he no longer needs additional time to obtain the evidence he sought.  Several of the items Plaintiff has since filed as exhibits appear to fulfill some of the needs he outlined in his motion to postpone.  (See Doc. Nos 70, 71.)  While Plaintiff did not attach a copy of the minutes from the block representative meetings, the statements made in his affidavit are sufficient to show that Plaintiff was in fact a block representative, and Defendants do not contradict his assertions regarding the responsibilities of that role.  (See Doc. Nos. 59, 60.)  Plaintiff's second piece of proposed evidence, the library notice showing he needed to go to the library on the day in question, now appears as one of his exhibits.  (Doc. No. 71 at 21.)

Plaintiff has not yet provided affidavits from Phillips and Allen, but Plaintiff has not shown how their testimony would be "essential to justify" his opposition.  Fed. R. Civ. P. 56(d).  Plaintiff's misconduct report was issued ostensibly because he was attempting to get the library after a corrections officer ordered all inmates in the area to return to their cells.  (Doc. No. 61-2 at 1.)  While the testimony of Phillips and Allen may help Plaintiff show that the corrections officers are generally hostile toward inmates who have helped Cruz file grievances, Plaintiff's own testimony regarding the statements made to him while he was helping Cruz are sufficient to show this hostility.  (Doc. No. 20 at 7–8.)  This is especially true because Defendants do not contradict Plaintiff's allegations regarding these statements.  (See Doc. No. 61-2.)  Rather, Defendants argue that, "even if Plaintiff had not been involved in the blind inmate's efforts to file a grievance," the corrections officer would have issued the same misconduct report against Plaintiff anyway.  (See Doc. No. 59 at 4–7.)  Thus, because the principle issue in Defendants'

motion for summary judgment is whether Plaintiff's conduct merited a misconduct report regardless of any potential retaliatory motive, Plaintiff has not provided any explanation for why the affidavits of Phillips and Allen would be essential to justify his opposition.

Finally, Plaintiff did not attach any information detailing the specific limits placed upon him as a result of his cell restrictions.  Yet Plaintiff attached other pages from the very handbook in which those limits are detailed.  (See Doc. No. 71 at 4 (stating that details of cell restriction are described in another section of the same handbook).)  Plaintiff clearly had access to the information he sought at the time that he submitted his exhibits and no additional time is needed for Plaintiff to obtain that information.  Thus, this court must conclude that Plaintiff simply decided against submitting that information as evidence.[2]

Given the context of the exhibits Plaintiff ultimately attached to his brief in opposition, this court finds that the evidence Plaintiff proposed to find in his Rule 56(d) motion has either since been submitted by Plaintiff or would not aid in his efforts to preclude summary judgment. For that reason, no further postponement is needed.  However, this court does find that a brief postponement was justified for Plaintiff to obtain the materials that he ultimately submitted with his brief in opposition.  Thus, this court will grant Plaintiff's motion to the extent that Plaintiff's brief in opposition and accompanying materials will be considered timely filed.

---

[2] This court notes that the relative lack of severity of Plaintiff's punishment is only an ancillary argument in Defendants' brief.  (See Doc. No. 59.)

**III.**   **Conclusion**

      For the reasons set forth above, this court will grant Plaintiff's motion to postpone summary judgment to the extent that Plaintiff's brief in opposition and accompanying evidentiary filings will be considered timely filed.  No further postponement will be granted.  An appropriate order will follow.