UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER, | : | |
| | : | |
| Plaintiff | : | No. 1:12-CV-01186 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

This is a pro se action brought by Plaintiff, Jamil Cooper, an inmate incarcerated at the State Correctional Institution at Rockview, Pennsylvania ("SCI-Rockview"). The case is proceeding on the basis of an amended complaint filed on March 8, 2013. (Doc. No. 20.)

The Defendants named in the amended complaint are the Pennsylvania Department of Corrections,[1] John Wetzel, Secretary of the Pennsylvania Department of Corrections, and SCI-Rockview employees Superintendent Lamas, Unit Manager Granlund, Sergeant Strohm and Corrections Officer Sherman. Id.

---

1. The Pennsylvania Department of Corrections is not an entity subject to suit under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989); Lavia v. Pennsylvania Department of Corrections, 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Department of Corrections SCI-Mahanoy, 2009 WL 533051, at *6 (Mar. 3, 2009); Davis v. Pennsylvania Board of Probation and Parole, 2006 WL 3308440, at *5 (W.D.Pa. Oct. 13, 2006). In a separate order relating to a motion to compel discovery the court dismissed the claims against the Pennsylvania Department of Corrections pursuant to the screening provisions of the Prison Litigation Reform Act of 1995.

In the amended complaint Cooper alleges that on September 6, 2011, he was verbally harassed when Defendant Sherman made a "sarcastic remark" to him because he was assisting a blind inmate drafting an administrative grievance. Id. ¶¶ 21-23. Shortly thereafter, Plaintiff states he was denied a pass for the library by Defendants Sherman and Strohm because he had helped write a grievance. Id. ¶ 26. Plaintiff claims that Sherman then verbally abused him several times, including calling him "Johnny Cochran." Id. ¶¶ 30, 33, 34.

On September 7, 2011, Plaintiff claims he received a misconduct from Defendant Sherman issued on September 6, 2011. He claims that Strohm was also listed as involved in issuing the misconduct. He believes the misconduct was issued in retaliation for his efforts to assist the blind inmate with drafting a grievance. Id. ¶¶ 35, 36. Plaintiff further claims that he was denied due process during the misconduct proceedings. Id. ¶ 36. Plaintiff was found guilty of being in an unauthorized area, and sanctioned to fourteen (14) days cell restriction which he claims reduced his hours in the law library from four (4) hours per day to four (4) hours per week. As a result, he claims he was forced to request continuances in an action that was pending before the Pennsylvania Superior Court. Id. ¶¶ 40, 62.

In addition, Plaintiff claims that an appeal he filed from the misconduct was denied by both Defendant Granlund and Lamas. He claims that in finding his appeal frivolous, Granlund

conspired with Sherman and Strohm to "cover up" their actions, and that Defendant Lamas merely agreed with Granlund's decision. Id. ¶¶ 43, 45.

As relief, Plaintiff seeks both compensatory and punitive damages as well as a declaratory judgment.

On May 9, 2013, Defendants filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim and on June 14, 2013, a motion to stay discovery pending resolution of the motion to dismiss. (Doc. Nos. 29, 33.) On January 24, 2014, this court granted the motion to stay discovery and denied a pending motion to compel discovery filed by Plaintiff. (Doc. No. 40.) By memorandum and order dated April 21, 2014, the court granted in part Defendants' motion to dismiss the amended complaint for failure to state a claim. (Doc. Nos. 41, 42.) The court dismissed Plaintiff's verbal harassment, access to courts, and conspiracy claims, and the claims against Granlund and Lamas relating to the manner in which they addressed Plaintiff's grievance appeals. Id. The only claims remaining in the action are claims of retaliation and violation of Plaintiff's procedural due process rights stemming from an alleged false misconduct report filed against Plaintiff for assisting a fellow inmate, Kristan Diaz Cruz, with drafting a prison grievance. Id. In allowing the due process claim to go forward the court couched that claim in the context of a retaliation claim under Smith v.

Mensinger, 293 F.3d 641, 653 (3d Cir. 2002).[2] (Doc. No. 41, at 8.) On May 9, 2014, Defendants filed an answer to Plaintiff's amended complaint. (Doc. No. 43.)  A motion for summary judgment was filed by the Defendants on December 8, 2014.  (Doc. No. 55.)  The motion is fully briefed and ripe for disposition. The Defendants argue that no rational trier of fact could find that Plaintiff was denied procedural due process or they retaliated against Plaintiff for exercising a constitutional right. For the reasons set forth below, Defendants' motion will be granted.

## II.   Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under

---

2.  The court also recognized that because the sanction imposed on Plaintiff was only 14 days cell restriction that he could not establish a due process violation based on an "atypical and significant hardship" under Sandin v. Conner, 515 U.S. 472 (1995).

applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

    When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574,

586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In addition, because Plaintiff complains about "prison conditions," the screening provisions, 28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") apply,[3] given that Plaintiff was granted in forma pauperis status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a dispositive motion. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a dispositive motion, the court may

---

3.  Section 1915(e)(2), which was created by § 804(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at anytime if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez, 203 F.3d at 1126; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 F. App'x. 183 (3d Cir.2008).

### III. Discussion

There are two remaining claims in this case: (1) a retaliation claim based on Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) and (2) a retaliation claim based on Smith v. Mensinger, supra. Both types of claims require that the prisoner demonstrate that the conduct which led to the alleged retaliation was constitutionally protected.

Under Rauser to establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. 241 F.3d at 333. Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." Id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied upon showing that "the action 'was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" Id. (quoting Allah, 229 F.3d at 225). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to

discipline him" or take the adverse action. Id. (quoting Mount Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

The test under Smith v. Mensinger is essentially the same. Filing a false misconduct report is cognizable as a denial of due process when the false misconduct charge is filed "for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right" such as his or her right to file a grievance with state officials or a lawsuit regarding prison conditions. 293 F.3d at 653-654 (emphasis added).

In the present case Plaintiff alleges he was retaliated against for assisting another inmate in preparing and filing a grievance. Consequently, the Plaintiff must first establish that he has a personal, constitutional right to assist other inmates in preparing and filing grievances with prison officials.[4]

---

4. Plaintiff has submitted evidence on the second and third prong of the retaliation test with respect to two Defendants - Sherman and Strohm - and possibly Unit Manager Grandlund. Plaintiff has produced affidavits outlining conduct and statements that support Plaintiff's claim of retaliation which. There is also record support for Plaintiff's claim that Sherman did not follow prison regulations in filing the misconduct report on September 6, 2011, i.e., he did not provide a copy to Plaintiff on the same day. DC-ADM 801, Section 1, D, 1 ("The inmate shall be personally served with the DC-141, Part 1 [misconduct report] the same day the report is written."). Plaintiff was then called into an informal resolution relating to that misconduct report without having been provided with a copy of the misconduct report. Plaintiff claims that he was forced to sign an informal resolution document before he was provided with a copy of the misconduct report. Prison officials in subsequent appeals ignored the requirement relating to the service of the misconduct report on Plaintiff on the day it was issued. Also in Defendants' brief in support of the motion for summary judgment
(continued...)

The Court of Appeals for the Ninth Circuit in Shaw v. Murphy, 195 F.3d 1121 (9th Cir. 1999) in finding a cognizable claim of retaliation noted that it previously held that "inmates have a First Amendment right to assist other inmates with their legal claims." Id. at 1124 (citing Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985)). The Shaw case involved the validity of a prison regulation relating to communication between inmates which is not an issue involved in the present case. The Supreme Court reversed the Ninth Circuit and in so doing stated as follows:

> Under our decision in Turner v. Safley, . . . restrictions on prisoners' communications to other inmates are constitutional if the restrictions are "reasonably related to a legitimate penological interest." . . . In this case, we are asked to decide whether prisoners possess a First Amendment right to provide legal assistance that enhances the protections otherwise available under Turner. We hold that they do not.

Shaw v. Murphy, 532 U.S. 223, 225 (2001). The Supreme Court in its decision referred to three other Court of Appeals' cases which conflicted with the Ninth Circuit's conclusion and noted that as a reason for granting certiorari. Id. at 227-228. Those three cases were Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993)(no constitutional right to assist other inmates with legal claims),

---

4. (...continued)
and statement of material facts, counsel for Defendants makes it appear that Plaintiff admitted he was served with the misconduct report on the same day it was issued. However, the problem is that there were two misconduct reports issued by Sherman, one on September 6th and one on September 7th. Plaintiff admits that he was served with the September 7th misconduct report but not with the September 6th misconduct report.

Smith v. Maschner, 899 F.940, 950 (10th Cir. 1990)(same) and Gassler v. Rayl, 862 F.2d 706, 707-708 (8th Cir. 1988)(same).

  The Supreme Court stated that the Ninth Circuit "applied [its] decision in Turner, but it did so only against the backdrop of this First Amendment right, which, the court held, affected the balance of the prisoner's interests against the government's interests. Concluding that the balance tipped in favor of Murphy, the Court of Appeals upheld Murphy's First Amendment claim." 532 U.S. at 227. In the concluding portion of the decision the Supreme Court further noted that "[a]ugmenting First Amendment protection for inmate legal advice would undermine prison officials' ability to address the 'complex and intractable' problems of prison administration," and "we granted certiorari only to decide whether inmates possess a special First Amendment right to provide legal assistance to fellow inmates." Id. at 231-232. Consequently, the Turner balancing analysis of the Ninth Circuit was defective because it assumed that an inmate had a First Amendment right to assist other inmates and the Supreme Court remanded for a proper Turner analysis of the prison regulation without the assumption that the inmate had a First Amendment right to assist other inmates with legal matters.

  After Shaw several courts in this Circuit have held that an inmate does not have a First Amendment right to assist other inmates in preparing or filing prison grievances.

On December 9, 2011, Chief Judge Gary L. Lancaster of the Western District of Pennsylvania adopted a report and recommendation of Magistrate Judge Lisa Pupo Lenihan, Walker v. Campbell, 2011 WL 6176808, at *1 (W.D.Pa. Dec. 9, 2011), in which Magistrate Judge Lenihan cited Shaw and stated that "the Supreme Court has held that inmates do not possess an independent First Amendment right to provide legal assistance to fellow inmates." Walker v. Campbell, 2011 WL 6153104, at *5 (W.D.Pa. Oct. 31, 2011). Walker alleged that he was retaliated against for assisting other inmates in the preparation of grievances and lawsuits. Id.

On September 18, 2012, Judge Conner[5] of this district adopted a report and recommendation of Magistrate Judge Malachy E. Mannion, Miller v. Lawler, 2012 WL 4103919, at *1 (M.D.Pa. Sept. 18, 2012), in which Magistrate Judge Mannion[6] cited Shaw and stated that "inmates do not possess an independent First Amendment right to provide legal assistance to fellow inmates" and "[a]s such, plaintiff cannot establish that he engaged in constitutionally protected conduct." Miller v. Lawler, 2012 WL 629280, at *16 (M.D.Pa. Feb. 3, 2012). Miller alleged that he was

---

5. Judge Conner assumed the duties of Chief Judge on September 1, 2013.

6. Magistrate Judge Mannion assumed the duties of a district judge on December 28, 2012.

11

retaliated against for assisting other inmates in the preparation of lawsuits. Id.

     Finally, on September 29, 2014, Judge Mannion in a lengthy memorandum adopted a report and recommendation of Magistrate Judge Karoline Mahalchick, Wisniewski v. Fisher, 2014 WL 4918931, at *1-8 (M.D.Pa. Sept. 29, 2014), in which Magistrate Judge Mehalchick cited Shaw and stated that "an inmate does not possess an independent First Amendment right to provide legal assistance to fellow inmates" and "Plaintiff has failed to establish, as a matter of law, the first prong of a First Amendment retaliation claim." Id. at *19.  Furthermore, in adopting the report and recommendation, Judge Mannion stated as follows:

> In considering the plaintiff's claim, Judge Mehalchick determined that plaintiff failed to allege that he had engaged in constitutionally protected activity sufficient to satisfy the first prong of the retaliation claim. . . The plaintiff takes issue with this finding in his objections citing to the Supreme Court's decision in Shaw v. Murphy . . .  This court has had a previous occasion to consider an argument similar to that raised by the plaintiff in this case in the context of the Shaw decision.  Ultimately, relying on Shaw, the undersigned found, as did Judge Mehalchick, that inmates do not possess an independent First Amendment right to provide legal assistance to fellow inmates, and as such, the plaintiff could not establish that he engaged in constitutionally protected conduct. . . The court finds no reason to revisit its findings in Miller . . . .

Id. at *7.  In light of the Shaw decision and the above cases from this Circuit, the court concludes that summary judgment should be entered in favor of the Defendants because Plaintiff has not established that he had a constitutional right to assist other inmates.  No jury under the law applicable to this case and the facts alleged and evidence submitted by Plaintiff in opposition to Defendants' motion for summary judgment could conclude that Defendants retaliated against Plaintiff for exercising a constitutional right.

    An appropriate order will be entered.